**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JER'BRELL KEON WESTMORELAND,** *Petitioner,* | : | **CIVIL ACTION** |
| v. | : | **NO. 26-3708** |
| **CHERYL STEBERGER, WARDEN OF LANCASTER COUNTY PRISON,** *Respondent.* | : | |

**MEMORANDUM**

**KENNEY, J.** **OCTOBER 13, 2026**

Petitioner Jer'brell Westmoreland initiated this action *pro se* on May 29, 2026, seeking release from and challenging the legality of his pre-trial detention. *See* ECF No. 5. On June 22, 2026, Magistrate Judge José Raúl Arteaga filed a thorough Report and Recommendation, recommending that Petitioner's 28 U.S.C. § 2241 habeas petition (the "Petition") be summarily dismissed without prejudice. *See* ECF No. 8 at 1. Petitioner filed *pro se* Objections to the Report and Recommendation on July 27, 2026. *See* ECF No. 9. As discussed below, the procedural posture of this case has changed since the time that the Report and Recommendation was issued. For the following reasons, the Court will **DECLINE** to adopt the Report and Recommendation (ECF No. 8), **OVERRULE** Petitioner's objections (ECF No. 9), and **SUMMARILY DISMISS** the Petition (ECF No. 5) **AS MOOT WITHOUT PREJUDICE**. No certificate of appealability shall issue.

## I. DISCUSSION

On May 29, 2026, Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his pre-trial detention. ECF No. 5 at 1. Petitioner was a pre-trial detainee at the Lancaster County Prison in Lancaster, Pennsylvania at the time that he filed his

Petition. *Id.* On June 22, 2026, Magistrate Judge Arteaga issued a Report and Recommendation, recommending that the Petition be summarily dismissed without prejudice because Petitioner "has not exhausted his claims in state court and he has not shown any exceptional circumstances requiring *habeas* review before his state court trial." ECF No. 8 at 1. Petitioner raises several objections to the Report and Recommendation, which generally fall under the same theme and can be summarized as follows: Petitioner concedes that he has not exhausted his claims in state court, but contends that his ineffective assistance of counsel claims present an extraordinary circumstance that warrants federal intervention and excuses exhaustion. *See* ECF No. 9.

Under narrow circumstances, state pre-trial detainees can challenge their pre-trial detention pursuant to 28 U.S.C. § 2241. "Because a pre-trial detainee is not yet 'in custody pursuant to the judgment of a State court,' relief under 28 U.S.C. § 2254 is not available." *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (per curiam) (quoting *Jacobs v. McCaughtry*, 251 F.3d 596, 597–98 (7th Cir. 2001)). Petitioner thus correctly filed his Petition pursuant to § 2241 in the first instance. *Id.* However, over the course of this litigation, Petitioner has since been convicted of three charges after a multi-day jury trial: (1) criminal homicide; (2) conspiracy – criminal homicide; and (3) criminal attempt – criminal homicide. *See Commonwealth v. Westmoreland*, CP-36-CR-0002424-2023 (Lancaster Cnty. Ct. Comm. Pl.) (indicating that Petitioner was found guilty of three charges on September 21, 2026 after a trial).[1] His state court docket reflects that he is awaiting sentencing for his convictions. *Id.* Since Petitioner has been convicted, he is "no longer a pre-trial detainee" and the claims that he brought related to his pre-trial detention have

[1] The Court can take judicial notice of a state court docket as a public record. *See* Fed. R. Evid. 201(b)(2) (allowing courts to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also Orabi v. Att'y Gen. of U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another [c]ourt's docket." (collecting cases)).

been rendered "moot." *Jackson*, 796 F.3d at 843 (collecting cases); *see also Yohey v. Collins*, 985 F.2d 222, 228–29 (5th Cir. 1993) ("[S]uch claims for federal habeas relief for pretrial issues are mooted by [the petitioner's] subsequent conviction." (collecting cases)).

"In order for federal courts to retain jurisdiction over a case, there must be an 'actual, ongoing controvers[y],' and the absence of one renders a case moot and deprives the court of subject matter jurisdiction." *Jackson*, 796 F.3d at 843 (quoting *Fed'n of Adver. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003)). Accordingly, the Court no longer has subject matter jurisdiction over the Petition, and will summarily dismiss the Petition as moot without prejudice to Petitioner filing a 28 U.S.C. § 2254 habeas petition once he exhausts his state court remedies. *Id.*; *see also Piskanin v. Krysevig*, 349 F. App'x 683, 685 (3d Cir. 2009) (per curiam) (affirming dismissal of a § 2241 habeas petition as moot where the charges were dropped against a state pre-trial detainee during the pendency of the litigation related to his habeas petition); *Owens v. Pacovsky*, No. 24-cv-5411, 2024 WL 4876936, at *2–3 (E.D. Pa. Nov. 22, 2024) (dismissing a § 2241 habeas petition as moot where the petitioner was recommitted to serve his sentence); *Phillips v. Wakefield*, No. 23-cv-2683, 2024 WL 3165289, at *1 n.1 (E.D. Pa. June 25, 2024) (dismissing a § 2241 habeas petition as moot where the pre-trial detainee pled guilty and was sentenced in state court while his habeas petition was pending); *Rodriguez-Arevalo v. Salamon*, No. 22-cv-0150, 2022 WL 5238116, at *1 (E.D. Pa. Sept. 28, 2022) (dismissing a § 2241 habeas petition as moot where the petitioner was "no longer a pretrial detainee" and was "now in custody pursuant to [a] guilty plea and [was] awaiting sentence"); *Williams v. Reitz*, No. 18-cv-2102, 2019 WL 13255454, at *1 (M.D. Pa. July 29, 2019) (dismissing a § 2241 habeas petition as moot where the petitioner was "no longer a pretrial detainee").

To the extent a certificate of appealability is required, the Court declines to issue one

because Petitioner has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find it debatable whether Petitioner's § 2241 habeas petition should be summarily dismissed as moot without prejudice. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

## II. CONCLUSION

For the foregoing reasons, in light of the change in the procedural posture of this case, the Court declines to adopt the Report and Recommendation (ECF No. 8), overrules Petitioner's objections (ECF No. 9), and summarily dismisses the Petition as moot without prejudice (ECF No. 5). No certificate of appealability shall issue. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**